UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 12-81202-Civ-WILLIAMS

NESTLE HEALTH SCIENCE – PAMLAB, INC.
and BRECKENRIDGE PHARMACEUTICAL, INC.,

    Plaintiffs,

vs.

VIRTUS PHARMACEUTICALS, LLC,

    Defendant.
_____/

## ORDER

**THIS MATTER** is before the Court on three related filings. Plaintiffs Nestle Health Science – Pamlab, Inc. and Breckenridge Pharmaceutical, Inc. moved to exclude evidence of testing regarding the L-methylfolate raw ingredient ("Panfolate") used by Virtus Pharmaceuticals, LLC in their products. (DE 240.) Plaintiffs also moved to exclude evidence concerning testing of Virtus products by ACTA labs. (DE 229.) Virtus responded in opposition. (DE 275.) Virtus objected to Magistrate Judge Brannon's order and recommendation regarding discovery sanctions, including Judge Brannon's recommendation that Mr. Nirmal Vora of Panvo Organics Pvt. Ltd.[1] not be permitted to testify at trial. (DE 249.)

The Court has reviewed the motions, Judge Brannon's order, and the hearing transcript from the sanctions hearing. A district court may "modify or set aside any part of" a Magistrate Judge's order if it "is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(b); see also 28 U.S.C. § 636(b)(1)(A); Local Magistrate Judge Rule 4(a)(1).

---

[1] Panvo manufactures Panfolate and, allegedly, tests it for purity and stability.

The clear error standard is highly deferential to the lower court's findings. A ruling is only "clearly erroneous" if the reviewing court is "left with the definite and firm conviction that a mistake has been committed." *Easley v. Cromartie*, 532 U.S. 234, 242 (2001) (citations and quotations omitted); *see also Devaney v. Cont. Am. Ins. Co.*, 989 F.2d 1154, 1163 (11th Cir. 1993). "The mere fact that a reviewing court might have decided the issue differently is not sufficient to overturn a decision when there are two permissible views of the issue." *Pendlebury v. Starbucks Coffee Co.*, No. 04-80521-CIV, 2007 WL 4592267, at *1 (S.D. Fla. Dec. 28, 2007). "Where there are two permissible views of the evidence, the fact finder's choice between them cannot be clearly erroneous." *Krys v. Lufthansa German Airlines*, 119 F.3d 1515, 1523 (11th Cir. 1997) (quoting *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985)).

The gist of Plaintiffs' motion to exclude evidence regarding testing of the L-methylfolate raw ingredient is that Nirmal Vora should be precluded from authenticating Panvo's alleged business records or testifying as an expert. With regard to the ACTA testing documents, the Parties each assert that the other is abusing litigation privileges to unfair advantage. For the reasons stated at trial and following a review of Judge Brannon's considered judgment, it is **ORDERED AND ADJUDGED** that:

- The Court concludes that Magistrate Judge Brannon's order was not clearly erroneous or contrary to law. Accordingly, it is **ORDERED AND ADJUDGED** that Virtus's objections (DE 249) to Magistrate Judge Brannon's order (DE 242) are **OVERRULED** and, except as modified herein, Judge Brannon's discovery order (DE 242) is **AFFIRMED**.
- Plaintiffs' motion to exclude evidence of L-methylfolate testing (DE 240) is **GRANTED IN PART AND DENIED IN PART**:
    - Nirmal Vora shall not testify as a fact witness or expert witness.

- o Vora's declaration[2] and the attached documents shall not be admitted as evidence at trial.

- Plaintiffs' motion to exclude evidence concerning testing of Virtus products by ACTA labs (DE 229) is **GRANTED IN PART AND DENIED IN PART**:

    - o Kurt Schulze shall not testify as an expert witness at trial.

    - o If Virtus intends to present any evidence resulting from a series of ACTA tests at trial, Virtus must declare that intent by August 6, 2014. And, if Virtus elects to present evidence concerning ACTA tests, all ACTA test documents must be produced to Plaintiffs on or before August 8, 2014.

**DONE AND ORDERED** in Chambers in Miami, Florida, this 4 day of August, 2014.

KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT COURT JUDGE

---

[2] Virtus filed two declarations as exhibits to DE 152. One declaration was originally filed in the California state case and the other was filed for the first time in this case. This order applies to both declarations.

3