**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 12-81202-CIV-WILLIAMS/BRANNON

NESTLÉ HEALTH SCIENCE - PAMLAB, INC.
AND BRECKENRIDGE PHARMACEUTICAL, INC.

      Plaintiffs,

    v.

VIRTUS PHARMACEUTICALS, LLC,

      Defendant.

_____

**DEFENDANT VIRTUS PHARMACEUTICALS, LLC'S**
**MOTION FOR JUDGMENT AS A MATTER OF LAW**
**ON PLAINTIFFS' CLAIM FOR DAMAGES**

Defendant Virtus Pharmaceuticals respectfully moves for judgment as a matter of law under Federal Rule of Civil Procedure 50(a).[1]  "A motion for judgment as a matter of law is properly granted if 'there is no legally sufficient evidentiary basis for a reasonable jury' to find for the non-moving party."  *Cook ex rel. Estate of Tessier v. Sheriff of Monroe Cty., Fla.*, 402 F.3d 1092, 1114 (11th Cir. 2005) (citing FED. R. CIV. P. 50(a)).  On the record at trial, no reasonable jury could find that Plaintiffs Nestle Health Science–Pamlab and Breckenridge Pharmaceutical ("Plaintiffs") met their burden for proving that they are entitled to monetary damages or treble damages under 15 U.S.C. § 1117 because Plaintiffs have failed to provide sufficient evidence of causation.

---

[1]   Filed concurrently with this Motion are Defendant Virtus Pharmaceuticals, LLC's Motion for Judgment As A Matter of Law On Count I, False Advertising Under The Lanham Act, and Count III, Florida Deceptive And Unfair Trade Practices Act and Defendant Virtus Pharmaceuticals, LLC's Motion for Judgment As A Matter of Law On Count II, Contributory False Advertising.  Virtus incorporates those Motions by reference.

## I.      PLAINTIFFS ARE NOT ENTITLED TO PLAINTIFFS' LOST PROFITS UNDER THE LANHAM ACT.

In order to prove their lost profits, Plaintiffs must show that they lost profits as a result of Virtus's false advertising. *Trilink Saw Chain, LLC v. Blount, Inc.*, 583 F. Supp. 2d 1293, 1329 (N.D. Ga. 2008) ("[T]he court must ensure that the record adequately supports all items of damages claimed and establishes a causal link between the damages and the defendant's conduct, lest the award become speculative or violate [Lanham Act] section 35(a)'s prohibition against punishment.") (internal citations omitted).  It is well-established that to meet this burden, plaintiff must "do more than simply point[ ]  out that a drop in sales or profits occurred after the alleged wrongful act of the defendant; reference to a before-and-after time sequence is not enough.  The expert must exclude all other likely causes of business loss in order to render an opinion that the cause of the loss was the defendant's wrongful act."  Robert L. Dunn, *Recovery of Damages for Lost Profits* (6th Ed. at 648-49).  A lost profits opinion cannot be based on mere speculation; rather, it must be determined with a "reasonable degree of certainty."  *Slip-N-Slide Records, Inc. v. TVT Records, LLC*, No. 05-21113-CIV, 2007 WL 3232274, at *9 (S.D. Fla. Oct. 31, 2007) ("[A] Plaintiff may obtain a damages award for lost profits by presenting sufficient evidence to determine damages for lost profits with a reasonable degree of certainty, rather than by means of speculation and conjecture.").

Plaintiffs' only evidence of their lost profits is the testimony of Julie Hayden, a lay witness, and a document created by Ms. Hayden based on data received from a third party.[2]  As an initial matter, although Ms. Hayden is a Certified Public Accountant ("CPA"), she admitted

---

[2]  Virtus objected to Ms. Hayden being permitted to offer expert testimony in her capacity as a lay witness because Plaintiffs failed to properly disclose her under Federal Rule of Civil Procedure 26(a)(2)(C).  (D.E. 329)  As set forth in Defendant's Bench Memo objecting to the introduction of Ms. Hayden's opinions on Plaintiffs' lost profits, Plaintiffs' failure to comply with Rule 26(a)(2)(C) severely prejudiced Virtus's ability to prepare for trial.  (*Id.*)

that she is not a forensic accountant, has never been hired in her capacity as a CPA to conduct a lost profits analysis for the purposes of litigation, and has no experience conducting a lost profits analysis in a Lanham Act case.   Ms. Hayden also testified that she has never used the methodology she utilized for this case to generate a damages estimate.   In fact, Ms. Hayden's only experience with creating a damages estimate for litigation is providing data to an expert in a different litigation.

   The opinions offered by Ms. Hayden also have an insufficient basis in fact to support a finding that Plaintiffs have carried their burden on lost profits.   For example, Ms. Hayden testified that all of Virtus's sales from the time Virtus entered the market in February 2012 to present are sales that would have been captured by either Pamlab or Breckenridge if Virtus had not placed false claims on the labels of its products.   Ms. Hayden, however, did not provide *any evidence* showing that consumers would have purchased Pamlab's or Breckenridge's products if Virtus was not in the market.   Indeed, Ms. Hayden could not even determine whether a sale that went to Virtus would have gone to Pamlab *or* Breckenridge.   Moreover, despite acknowledging that during the relevant time frame there were other generic competitors in the market, Ms. Hayden did not provide any testimony or evidence showing that Virtus's sales would not have gone to one of those competitors instead of Breckenridge.   Nor did she provide any testimony or evidence showing that Virtus's sales were a result of the alleged false advertising—a showing that is critical for Plaintiffs to prove that they are entitled to their lost profits as a measure of damages.   *See Blue Dane Simmental Corp. v. American Simmental Ass'n*, 178 F.3d 1035, 1043 (8th Cir. 1999) (upholding judgment for defendant where plaintiff's evidence established only "that they believed that their sales had dropped because of the introduction of [defendant's product]."); *3M Innovative Prop. Co. v. Dupont Dow Elstomers LLC*, 361 F. Supp. 2d 958, 973

(D. Minn. 2005) (granting defendant's motion for summary judgment where plaintiffs failed to carry burden on causation because "the testimony of [plaintiffs'] witness establishes only the witness' assumption or belief that lost sales can be attributed to [defendant's] advertising generally.").

Further, Ms. Hayden's opinions were based on a document that was generated by using data collected from non-party IMS.  Specifically, IMS provided to Plaintiffs the number of Virtus prescriptions filled during the relevant time frame.  Ms. Hayden also testified that in her capacity as the VP of Finance for Pamlab, she has never worked with IMS data and does not regularly produce documents based on IMS data.[3]  Despite relying on the data from IMS to offer her opinion on Plaintiff's lost profits, Ms. Hayden admitted that the data provided by IMS was nothing more than an "estimate" that is not completely accurate.[4]

The evidence and testimony provided by Ms. Hayden amounts to nothing more than speculation that Virtus's alleged false claims on the labels of its products caused consumers to buy Virtus's products instead of Plaintiffs', and Plaintiffs have offered no other testimony or evidence to show that Virtus's sales were made as a result of the alleged false advertising, or that Virtus's sales would have gone to Plaintiffs if Virtus had not be in the market.  Such speculation is not sufficient for Plaintiffs to carry their burden of proof under the Lanham Act. *Ameritox, Ltd.*

---

[3]   On this basis, Virtus objected to the admission of these documents, P0029 and P0230, as constituting inadmissible hearsay.

[4]   Notably, Plaintiff did have Defendants actual sales figures and thus could not have accurately determined the number of units sold by Defendants that could form the basis for a lost profits analysis.  Plaintiffs, however, elected not to have its damages expert opine on lost profits, and instead tried to shoehorn this testimony in through its lay witness Ms. Hayden who could only offer speculation and guesswork.  No reasonable jury could award lost profits on such evidence.  Moreover, Ms. Hayden did not offer any of the disclosures required by Fed.R.Cir.P. 26 and thus her testimony should not have been admitted.  The Court's decision to admit this evidence over Defendants objection constitutes prejudicial error.

*v. Millenium Labs., Inc.*, No. 8:110-cv-775-T-24-TBM, 2014 WL 1456347, at *8 (M.D. Fla. Apr. 14, 2014) ("A change in the parties' sales positions without a showing that the change was caused by a specific advertising representation is not sufficient evidence of causation.  This is because such evidence does not account for customer purchasing decisions that were made for reasons other than the challenged advertising.").

## II. PLAINTIFFS HAVE NOT SHOWN THAT THEY ARE ENTITLED TO DISGORGEMENT UNDER THE LANHAM ACT.

Plaintiffs damages expert, Michael Crain, also relied on pure speculation to determine that Plaintiffs are entitled to Defendant's profits.  Under Section 1117 of the Lanham Act, a plaintiff is may be entitled to defendant's profits.  *See* 15 U.S.C. § 1117(a)(3).  A plaintiff bears the burden of proving defendant's sales only; the burden then shifts to defendant's to prove costs and deductions.  *Id.*  The plaintiff must also prove that the alleged false advertising caused the claimed injury that justifies the award of defendant's profits.  *Ameritox*, 2014 WL 1456347, at *10 (holding that in addition to proving defendant's sales, plaintiff must also prove that "the false advertising caused the injury").

Plaintiffs have not provided any evidence of a causal link between Virtus's alleged false advertising and any harm to Plaintiffs.  Indeed, Mr. Crain offered no opinion or information regarding any harm to Plaintiffs that was allegedly caused by Virtus's false advertising.  Nonetheless, Mr. Crain opined that Plaintiffs are entitled to Virtus's profits in the amount of approximately $17.5 million.  (8/19/2014 Afternoon Hr.'g Tr. at 95:3-16).  On this record, Plaintiffs cannot succeed on their claim for defendant's profits because they have put forth no evidence of causation.

In addition to failing to provide any testimony or evidence on causation, Mr. Crain's opinion on Virtus's sales suffers from other flaws.  For example, Mr. Crain did not offer an

opinion on how to allocate Virtus's profits based on which advertising claims, which products, and which versions of which products are found to be the basis of Virtus's liability (if any).  (*Id.* at 99:12-100:15).  Mr. Crain similarly did not calculate the proper costs and and deductions to be removed from Defendant's sales.  These costs and deductions formed part of the basis of Mr. Crain's opinion that the amount of Virtus's profits owed to Plaintiffs is $17.5 million, and has insufficient support in the record.  There is also insufficient evidence to support Mr. Crain's opinion that Plaintiffs' profit margin on its products is 91%.

### III.   PLAINTIFFS HAVE NOT SHOWN THAT THEY ARE ENTITLED TO TREBLE DAMAGES.

The Lanham Act provides that "[i]n assessing damages the court may enter judgment, according to the circumstances of the case, for any sum above the amount found as actual damages, not exceeding three times such amount."   15 U.S.C. § 1117(a)(3).   Trebling of damages "is discretionary, but it may not be punitive, and must be based on a showing of actual harm."  *Tiramisu Int'l. LLC v. Clever Imports LLC*, 741 F. Supp. 2d 1279, 1291 (S.D. Fla. 2010) (declining to award treble damages where, *inter alia*, plaintiff "state[d] in its moving papers that it has suffered actual harm, [but] it has made no showing of this" and where treble damages would "go beyond compensation, and would constitute punitive damages, which is not permitted") (internal citations omitted).  In addition to proving actual harm, a plaintiff seeking treble damages "must prove that the defendant's conduct was intentional."  *Vector Prods., Inc. v. Hartford Fire Ins. Co.*, 397 F.3d 1316, 1320 (11th Cir. 2005) ("This Court has held that to be eligible for Lanham Act treble damages, the plaintiff must prove that the defendant's conduct was intentional.").

Plaintiffs have presented insufficient evidence of actual harm.  For example, and as discussed above, Plaintiffs' witness Julie Hayden was unable to identify a single factual basis for

her assumption that all of Virtus's sales would have gone to Pamlab or Breckenridge but-for Virtus's alleged false advertising.  Similarly, Plaintiffs' damages expert, Michael Crain, was unable to point to any evidence that any purported harm was caused by Virtus's alleged false advertising.  Plaintiffs have presented no consumer data and no consumer surveys showing that consumers purchased Virtus's products instead of Pamlab or Breckenridge's products as a result of the alleged false advertising.  Nor have Plaintiffs been able to present sufficient evidence for a reasonable jury to conclude that Virtus intentionally made false statements on the labels of its products.  For example, Plaintiffs have presented no evidence that it was unreasonable for Virtus to rely on the Certificates of Analysis provided by its raw ingredient supplier and contract manufacturers.  Without such a showing, Plaintiffs are not entitled to treble damages.

<u>**CONCLUSION**</u>

Defendant Virtus should be granted judgment as a matter of law on Plaintiffs' claim for damages in the form of Plaintiffs' lost profits and treble damages.


Dated:  August 20, 2014                     Respectfully submitted,

                                             */s/ Stephen J. Wein*
                                            STEPHEN J. WEIN, ESQUIRE; FBN: 212814
                                            steve.wein@webercrabb.com
                                            JOSEPH P. KENNY, ESQUIRE; FBN: 59996
                                            joseph.kenny@webercrabb.com
                                            WEBER, CRABB & WEIN, P.A.
                                            5999 Central Avenue, Suite 203
                                            St. Petersburg, FL 33710
                                            (727) 828-9919
                                            (727) 828-9924 (Fax)

                                            CHRISTOPHER PARADIES, ESQ.; FBN: 13014
                                            cparadies@paradieslaw.com
                                            Paradies Law, P.A.
                                            4914 Joanne Kearney Blvd.
                                            Tampa, FL 33619
                                            (727) 433-8529

BRETT B. BARTEL, ESQ.*
bbartel@taylorenglish.com
W. SCOTT CREASMAN, ESQ.*
screasman@taylorenglish.com
Taylor, English, Duma, LLP
1600 Parkwood Circle, Suite 400
Atlanta, GA 30339
(770) 434-6868

CHRISTOPHER T. JAGOE, ESQ.*;
christopher.jagoe@kirkland.com
OLIVER C. BENNETT, ESQ.*;
oliver.bennett@kirkland.com
STEPHEN J. ELKIND, ESQ.*
stephen.elkind@kirkland.com
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY  10020
(212) 446-4800

JORDAN M. HEINZ, ESQ.*;
jordan.heinz@kirkland.com
MEGAN M. NEW, ESQ.*;
megan.new@kirkland.com
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
(312) 862-2000

*Admitted Pro Hac Vice

JANET T. MUNN, ESQ.
Fla. Bar No.: 501281
Email: jmunn@rascoklock.com
RASCO KLOCK, et al.
283 Catalonia Avenue, Suite 200
Coral Gables, Florida 33134
Telephone: 305.476.7101
Telecopy: 305.476.7102

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on August 20, 2014, the foregoing document is being served this day on all counsel of record or pro se parties identified below in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or by some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing:

Saul H. Perloff, Esq.
Email: saul.perloff@nortonrosefulbright.com
Katharyn A. Grant, Esq.
Email; katharyn.grant@nortonrosefulbright.com
Robert L. Rouder, Esq.
Email:robert.rouder@nortonrosefulbright.com
Joseph A. Bourbois, Esq.
Email: joseph.bourbois@nortonrosefulbright.com
Norton Rose Fulbright, L.L.P
98 San Jacinto Boulevard, Suite 1100
Austin, TX 78701
Counsel for Plaintiffs

Laura Ganoza, Esq.
Email: lganoza@foley.com
Christina M. Kennedy, Esq.
Email: ckennedy@foley.com
Foley & Lardner LLP
One Biscayne Tower, Suite 1900
2 S. Biscayne Blvd., Miami, FL 33131
Counsel for Plaintiffs

Robert F. Vroom, Esq.
Email: rvroom@bpirx.com
Breckenridge Pharmaceutical, Inc.
60 East 42nd Street, Suite 5210, New
York, NY 10165.
Counsel for Plaintiffs

By: s/ Stephen J. Wein
        Stephen J. Wein, Esq.