IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-81202-CIV-WILLIAMS/BRANNON

NESTLÉ HEALTH SCIENCE - PAMLAB, INC.
AND BRECKENRIDGE PHARMACEUTICAL, INC.

    Plaintiffs,

    v.

VIRTUS PHARMACEUTICALS, LLC,

    Defendant.
_____

**DEFENDANT VIRTUS PHARMACEUTICALS, LLC'S
RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW
ON COUNT I, FALSE ADVERTISING UNDER THE LANHAM ACT, AND COUNT III,
FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT, AND
OPPOSITION TO PLAINTIFFS' MOTION FOR DIRECTED VERDICT**

Defendant Virtus Pharmaceuticals respectfully renews its Motion for Judgment as a Matter of Law filed August 20, 2014 (D.E. 342) on Counts I and III of Plaintiffs' Complaint, and submits its opposition to Plaintiffs' Motion for Directed Verdict (D.E. 347). In addition to the reasons set forth in Virtus's prior motion, Plaintiffs' Motion for Directed Verdict should be denied and Virtus's Motion granted because the Court ruled the advertising statements at issue are *not* establishment claims, and Plaintiffs have failed to carry the requite burden associated with non-establishment claims for nearly all lots of Virtus's four L-Methylfolate products at issue. Virtus should be granted judgment as a matter of law on each of the lots where Plaintiffs have failed to affirmatively demonstrate the falsity of the associated label claims.

I. **THIS COURT RULED THE ADVERTISING STATEMENTS AT ISSUE ARE NOT ESTABLISHMENT CLAIMS, AS A MATTER OF LAW.**

During the jury charge conference after Defendant rested its case, the Court held that the advertising statements at issue were not establishment claims:

> Let's talk about establishment claims. It seems to me, Mr. Perloff, and I have been reviewing this -- let me see where my pile 'o cases is. I understand your argument. I personally tend to agree with your argument. It seems not only logical, but intuitive that if you are saying something like less than 1 percent of anything, you are suggesting there is a test somewhere to back that up. But it appears from all of the cases I have read that you have also cited, the Courts, and I understand your argument about context, the Courts have talked about the guy standing there in the lab coat, better than, nighttime remedy, it all has to do with infomercials and the clear promoting of its product with the science background. Now, I don't think you get any more involved in science as when you are talking about the ingredients going into a pill bottle, be it drug, dietary supplement, or baby formula. But I don't think the law has caught up with that yet, at least in the Eleventh Circuit.
>
> And that's, I think, where we are -- if it is not a clear "tests have shown" and a guy in a science lab, tests have shown this is better, then the idea of a comparison to another product lent itself to that theory. We are not there, but having said that, and as I said yesterday, it just intuitively strikes me if you put something on a label, you are, in fact, impliedly in the context of that particular statement, i.e. a label, that gets you onto the database that is used by pharmacists to dispense this, you suggest that you have testing to back it up. I don't think, however, the case law has clearly articulated that.

(8/22/2014 PM Tr. Trans. at 19:18-20:10, 21:23-22:10.) Accordingly, as explained below, Plaintiffs were required to present affirmative evidence of literal falsity to meet their burden of proof for literal (non-establishment) claims.

II. **AS LITERAL (NON-ESTABLISHMENT) CLAIMS, PLAINTIFFS BEAR THE BURDEN OF PROOF TO AFFIRMATIVELY DEMONSTRATE THE VIRTUS LABEL CLAIMS ARE LITERALLY FALSE.**

To fulfill Plaintiffs' burden of proving the Virtus label claims are literally false, Plaintiffs must demonstrate falsity by introducing affirmative evidence of falsity; pointing to the inadequacy of Virtus' testing is inadequate and irrelevant. "Statements in the form 'tests show x'; are literally false if tests do not establish 'x.' But more general comparative claims can only

2

be proven false by affirmative evidence of falsity." *BASF Corp. v. Old World Trading Co., Inc.*, 41 F.3d 1081, 1091 (7th Cir. 1994). "What these distinctions mean is that when the existence or results of tests are not incorporated into the advertisement, as here, a plaintiff may not meet its burden of showing falsity merely by leveling attacks at any tests that might happen to exist; such attacks are simply not affirmative evidence of falsity. It is one thing to say 'that is false,' but another thing altogether to say 'you have no proof.' In the Lanham Act context, the latter is not enough." *P & G. Co. v. Kimberly–Clark Corp.*, 569 F. Supp. 2d 796, 803 (E.D. Wis. 2008). *See also United Indus. Corp. v. Clorox Co.*, 140 F.3d 1175, 1182 (8th Cir. 1998) ("When challenging a claim of superiority that does not make express reference to testing, a plaintiff must prove that the defendant's claim of superiority is actually false, not simply unproven or unsubstantiated."); *Johnson & Johnson-Merck Consumer Pharms. Co. v. Rhone-Poulenc Rorer Pharms., Inc.*, 19 F.3d 125, 129 (3d Cir. 1994) ("A plaintiff must prove that the claim is false or misleading, not merely that it is unsubstantiated."); *Procter & Gamble Co. v. Chesebrough–Pond's Inc.*, 747 F.2d 114, 119 (2d Cir. 1984) (explaining that "each plaintiff bears the burden of showing that the challenged advertisement is false and misleading…not merely that it is unsubstantiated by acceptable tests or other proof"); *U-Haul Int'l, Inc. v. Jartran, Inc.*, 522 F. Supp. 1238, 1248 (D. Ariz. 1981) ("Jartran did not have to prove the truth of its asserted product claims; the burden in this regard rested on U–Haul, and it could not sustain its burden of persuasion by its repeated assertions (and proof) that Jartran had done little, if any, testing of Jartran trucks or trailers, and no comparative testing of U–Haul products."). Plaintiffs have not met this burden with respect to the three label claims as applied to nearly all lots of the Virtus Products at issue.

**III. PLAINTIFFS PRESENTED NO EVIDENCE DEMONSTRATING THE VIRTUS LABEL CLAIMS ARE LITERALLY FALSE AS APPLIED TO ALL LOTS OF VERSIONS 2 AND 3, AND ALL BUT SEVEN LOTS OF VERSIONS 0 AND 1.**

No reasonable juror could find that Plaintiffs have met their burden of proof to affirmatively demonstrate the literal falsity of the Virtus label claims as applied to all lots of Versions 2 and 3, and all but seven lots of Versions 0 and 1. Plaintiffs only tested samples of Versions 0 and 1 to determine the amount of L-Methylfolate and D-Methylfolate in the product. (*See* Pls.' Tr. Ex. 129 (summary of Red River tests on four lots of Virtus' Version 0 products); Pls.' Tr. Exs. 6, 12, 14, 16, 18–20 (reporting testing data from BioScreen on four lots of Virtus' Version 0 products); Pls.' Tr. Exs. 21–26 (reporting testing date from BioScreen on three lots of Virtus' Version 1 products).) Accordingly, Plaintiffs have proffered no evidence demonstrating the literal falsity of the label claims as applied to Versions 2 and 3 of the Virtus Products, and Virtus is entitled to judgment as a matter of law as to those versions. Virtus is also entitled to judgment as a matter of law as to the Version 0 and 1 lots that were not tested by Plaintiffs, as Plaintiffs have no evidence the label claims are literally false as to these lots. These untested Version 0 and 1 lots include: DL-37, DM-09, DL-81, DM-11, HA-34, HA-29, HA-29, DM-11, HA-62, HA-83, HA-77, HA-97, HB-25, HB-32A, HB-32B, DM-09A, HA-29A, HB-53, HB-53, HB-54, HB-32C.[1]

Moreover, Virtus has presented substantial evidence showing that the L-Methylfolate raw material supplied to NHK had less than 1% D-Methylfolate (*see* Def.'s Tr. Ex. D319, D327; 8/14/2014 Tr. Trans. at 89:6–93:5), and that NHK tested all of the lots to confirm that they had the labeled amount of L-Methylfolate at the time of manufacture (*see* 8/18/2014 PM Tr. Trans. at

---

[1] Plaintiffs have presented no evidence demonstrating the falsity of the label claims for Virtus's L-Methyl-MC product — Plaintiffs conducted no testing on this product whatsoever. Virtus should be granted judgment as a matter of law as to its L-Methyl-MC product, to the extent the Court deems that product at issue.

4

52:8–54:15, 70:13–71:21; Def.'s Tr. Ex. D552, D553, D554 (finished product certificates of analysis showing amounts of L-Methylfolate within specification of the label claims). Plaintiffs have presented no evidence that the labels were literally false at the time the products were made or at the time the labels were affixed. This evidence remains unrebutted entirely and judgment as a matter of law should be granted to Virtus. Regarding stability testing, Plaintiffs' expert Mitchell Herbel testified that he did no stability testing on the Virtus products and all evidence in the record shows that Plaintiff's evidence of testing is faulty and wrong.[2]

## CONCLUSION

For the above reasons and the reasons set forth in Virtus's prior Motion, Plaintiffs' Motion for Directed Verdict should be denied and Defendant Virtus should be granted judgment as a matter of law on Plaintiffs' Lanham Act false advertising claim (Count I) and Florida Deceptive and Unfair Trade Practices Act claim (Count III) as applied to all lots of Versions 2 and 3, and all but the seven tested lots of Versions 0 and 1. A proposed Order is attached to this motion as Exhibit A and will be sent to Chambers via electronic mail.

---

[2] With regard to Plaintiffs' argument that they should receive a directed verdict on Count II (*see* D.E. 347 at 10-11), Plaintiffs' request should be denied for the reasons set forth in Defendant's Motion For Judgment As a Matter Of Law On Count II, Contributory False Advertising (D.E. 341).

5

**CERTIFICATE OF PRE-FILING CONFERENCE**

I hereby certify that prior to filing this motion, I conferred with Laura Ganoza, Esq., counsel for Plaintiffs, in a good faith effort to resolve this motion by agreement, but the parties were unable to agree.

                                  s/  Jordan M. Heinz

Dated:  August 25, 2014                    Respectfully submitted,

                                  */s/ Stephen J. Wein*
                                  STEPHEN J. WEIN, ESQUIRE; FBN: 212814
                                  steve.wein@webercrabb.com
                                  JOSEPH P. KENNY, ESQUIRE; FBN: 59996
                                  joseph.kenny@webercrabb.com
                                  WEBER, CRABB & WEIN, P.A.
                                  5999 Central Avenue, Suite 203
                                  St. Petersburg, FL 33710
                                  (727) 828-9919
                                  (727) 828-9924 (Fax)

                                  CHRISTOPHER PARADIES, ESQ.; FBN: 13014
                                  cparadies@paradieslaw.com
                                  Paradies Law, P.A.
                                  4914 Joanne Kearney Blvd.
                                  Tampa, FL 33619
                                  (727) 433-8529

                                  BRETT B. BARTEL, ESQ.*
                                  bbartel@taylorenglish.com
                                  W. SCOTT CREASMAN, ESQ.*
                                  screasman@taylorenglish.com
                                  Taylor, English, Duma, LLP
                                  1600 Parkwood Circle, Suite 400
                                  Atlanta, GA 30339
                                  (770) 434-6868

                                  CHRISTOPHER T. JAGOE, ESQ.*;
                                  christopher.jagoe@kirkland.com
                                  OLIVER C. BENNETT, ESQ.*;
                                  oliver.bennett@kirkland.com
                                  STEPHEN J. ELKIND, ESQ.*

stephen.elkind@kirkland.com
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10020
(212) 446-4800

JORDAN M. HEINZ, ESQ.*;
jordan.heinz@kirkland.com
MEGAN M. NEW, ESQ.*;
megan.new@kirkland.com
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
(312) 862-2000

*Admitted Pro Hac Vice

JANET T. MUNN, ESQ.
Fla. Bar No.: 501281
Email: jmunn@rascoklock.com
RASCO KLOCK, et al.
283 Catalonia Avenue, Suite 200
Coral Gables, Florida 33134
Telephone: 305.476.7101
Telecopy: 305.476.7102

*Counsel for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 25, 2014, the foregoing document is being served this day on all counsel of record or pro se parties identified below in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or by some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing:

Saul H. Perloff, Esq.
Email: saul.perloff@nortonrosefulbright.com
Katharyn A. Grant, Esq.
Email; katharyn.grant@nortonrosefulbright.com
Robert L. Rouder, Esq.
Email:robert.rouder@nortonrosefulbright.com
Joseph A. Bourbois, Esq.
Email: joseph.bourbois@nortonrosefulbright.com
Norton Rose Fulbright, L.L.P
98 San Jacinto Boulevard, Suite 1100
Austin, TX 78701
Counsel for Plaintiffs

Laura Ganoza, Esq.
Email: lganoza@foley.com
Christina M. Kennedy, Esq.
Email: ckennedy@foley.com
Foley & Lardner LLP
One Biscayne Tower, Suite 1900
2 S. Biscayne Blvd., Miami, FL 33131
Counsel for Plaintiffs

Robert F. Vroom, Esq.
Email: rvroom@bpirx.com
Breckenridge Pharmaceutical, Inc.
60 East 42nd Street, Suite 5210, New York, NY 10165.
Counsel for Plaintiffs

By: s/ Stephen J. Wein