UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 12-81202-Civ-WILLIAMS

NESTLE HEALTH SCIENCE – PAMLAB, INC.
and BRECKENRIDGE PHARMACEUTICAL, INC.,

      Plaintiffs,

vs.

VIRTUS PHARMACEUTICALS, LLC,

      Defendant.
_____/

## OMNIBUS ORDER

**THESE MATTERS** are before the Court on various substantive and ministerial motions filed by the Parties during trial. Defendant Virtus Pharmaceuticals, LLC moved for judgment as a matter of law. (DE 340, 341, 342). Virtus also moved for a mistrial (DE 352), subsequently renewed its motions for judgment as a matter of law (DE 357, 358), moved to seal documents included in its offer of proof (DE 359), and moved for a hearing regarding the jury instructions and verdict form (DE 351). Plaintiffs Nestle Health Science – Pamlab, Inc. and Breckenridge Pharmaceutical, Inc. filed a motion to exclude documents from Viva Pharmaceutical, Inc. and renewed motion to exclude testimony from Ms. Rosy Sultana and Dr. Xueju Xie. (DE 338.) Plaintiffs also moved for a directed verdict. (DE 347.)

As stated in open court and set forth below, it is **ORDERED AND ADJUDGED**:

- The Court reserved ruling until the close of Plaintiffs' case-in-chief on Virtus's late-filed motion to determine applicable burden of proof for false advertising claims as a matter of law (DE 310). Virtus's three motions for judgment as a matter of law incorporated the arguments from the motion to determine applicable burdens. Thus, DE 310 is **DENIED AS MOOT**.

- Virtus's motion for judgment as a matter of law on Plaintiffs' claim for damages (DE 340) is **DENIED**. Similarly, Virtus's renewed motion for judgment as a matter of law on Plaintiffs' claim for damages (DE 358) is **DENIED**.

- Following argument at the close of Plaintiffs' case-in-chief, the Court reserved ruling on Virtus's motion for judgment as a matter of law regarding contributory false advertising (DE 341) to allow Plaintiffs to provide briefing on the issue. Plaintiffs did so (DE 344) and the Court has considered both briefs. The Court is persuaded by the reasoning of Lexmark Int'l, Inc. v. Static Control Components, Inc., 134 S. Ct. 1377, 1395 (2014) and reaches a similar result as the Court in Merck Eprova AG v. Brookstone Pharmaceuticals, LLC, 920 F. Supp. 2d 404, 425 (S.D.N.Y. 2013). Accordingly, Virtus's motion (DE 341) is **DENIED**.

- Virtus's motion for judgment as a matter of law on Count I and Count III (DE 342) is **DENIED**. Similarly, Virtus's renewed motion for judgment as a matter of law on Count I and Count III (DE 357) is **DENIED**.

- The Court **RESERVES RULING** on Plaintiffs' motion for directed verdict. (DE 347.)

- Plaintiffs' memo regarding jury instruction and verdict form was docketed as a motion. The Court considered the arguments and addressed them before the Parties' final joint jury instruction and verdict form were presented to the jury. Accordingly, the Clerk is directed to **DENY** the motion as moot. (DE 349.)

- Virtus's request for hearing on the verdict form and jury instructions is **DENIED AS MOOT**. (DE 351.)

- Virtus's motion for a mistrial is **DENIED**. (DE 352.)

- Plaintiffs' motion to exclude documents from Viva Pharmaceutical, Inc. and renewed motion to exclude testimony from Ms. Rosy Sultana and Dr. Xueju Xie (DE 336, 338) is **GRANTED IN PART AND OTHERWISE DENIED AS MOOT**. The Court permitted Ms. Sultana to testify as to her testing of the Virtus products. The recently produced Viva documents were not used. Dr. Xie was not called to testify. Plaintiffs' motion to file certain documents in support of its motion under seal (DE 337) is **GRANTED**.

- Virtus's motion to file under seal exhibits to their offer of proof (DE 359) asks to seal documents that Virtus would have, but for the Court's evidentiary ruling, submitted as evidence in open court for consideration by the jury. Accordingly, Virtus's motion to seal (DE 359) is **DENIED**.

- Virtus's failure to produce documents related to testing by Viva of the Panfolate raw ingredient required the Court to strike Rhett Daniels's testimony regarding Panfolate sampling and testing by Viva. Any testimony by Daniels concerning Viva testing of Panfolate shall be stricken from the record.

- Virtus shall bear all attorneys' fees and costs of the in-trial depositions of Dr. Xie and Ms. Sultana. Plaintiffs may, within 90 days of this order, move for an order setting the amount of Plaintiffs' reasonable fees and costs incurred in connection with those two depositions.

- The Court previously reserved ruling on Virtus's motion for reconsideration on the Court's order excluding Dr. Bannister. Prior to Dr. Bannister's testimony, that motion (DE 309, DE 313) was **GRANTED IN PART** and Dr. Bannister was permitted to offer expert testimony on limited topics concerning D-methylfolate, stereochemistry in general, and generally accepted HPLC testing practices. The Court **DENIED** the remainder of the motions (DE 309, DE 313).

**DONE AND ORDERED** in Chambers in Miami, Florida, this 25th day of August, 2014.

_____
KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT COURT JUDGE